**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| THOMAS MEYER in his capacity as | ) |
| Co-Executor of the Estate of Richard E. Meyer | ) |
| 10 Holly Ridge Road | ) |
| Valhalla, New York 10095 | ) |
| | ) |
| -and- | ) |
| | ) |
| CAROL BASILE in her capacity as | ) |
| Co-Executor of the Estate of Richard E. Meyer | ) |
| 2 Nelson Lane | ) |
| Syosset, New York 11791 | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| VINEET KALUCHA | ) |
| 4345 Hawthorne Street, NW | ) |
| Washington, DC 20016 | ) |
| | ) |
| -and- | ) |
| | ) |
| APHELION FUND MANAGMENT, LLC | ) |
| 1600 Tysons Boulevard, 8th Floor | ) |
| McLean, VA 22102 | ) |
| | ) |
| Defendants. | ) |

_____)

## <u>COMPLAINT</u>

COME NOW, Plaintiffs Thomas Meyer and Carol Basile, in their capacities as co-executors of the Estate of Richard E. Meyer, Deceased (the "Estate"), by and through counsel, and bring this Complaint against Defendants, Vineet Kalucha and Aphelion Fund Management, LLC, jointly and severally, for breach of a Settlement Agreement and Assignment ("Settlement Agreement" or "Agreement") made and executed by Plaintiffs and Defendants for good and

valuable consideration on January 17, 2013to resolve the case *Thomas Meyer et al. v. Kalucha*, Case No. 1:12-cv-01914-RLW (D.D.C., filed Nov. 27, 2012).

Defendant Kalucha failed to make scheduled payments under the payment schedule contained in the Settlement Agreement and has therefore breached the Agreement. Additionally, Defendant Kalucha and Defendant Aphelion Management Fund, LLC (the "Fund") have failed to assign payments and distributions made by the Fund to Defendant Kalucha to the Estate and have breached the Settlement Agreement.  The total amount now due and payable to the Estate is $ 864,941(plus BBA LIBOR Daily Floating Rate plus 1.5 percentage points).  In support thereof, Plaintiffs state the following:

## JURISDICTION AND VENUE

1. Jurisdiction is established pursuant to 28 U.S.C. § 1332(a)(1) based on the existence of diversity of citizenship between the parties and the amount in controversy, which exceeds $75,000.

2. Venue is established in this District pursuant to 28 U.S.C. § 1391(b)(1), as Defendant Kalucha resides in the District of Columbia, and Defendant Aphelion Management Fund, LLC, a Delaware corporation with its principal place of business in Virginia of which Defendant Kalucha is the sole owner and member, conducts business in the District of Columbia.

## PARTIES

3. Plaintiffs Thomas Meyer and Carol Basile are siblings and co-executors of the Estate of Richard E. Meyer, their late brother.  Richard E. Meyer ("Decedent") was a citizen of the United States and was continuously domiciled in the State of New York at all times relevant

to this matter, through and including the date of his death, which occurred on September 13, 2010, in the State of New York.

4. Co-Executor and Plaintiff Thomas Meyer ("Mr. Meyer") is a citizen of the United States and is domiciled in the State of New York.

5. Co-Executor and Plaintiff Carol Basile ("Ms. Basile") is a citizen of the United States and is domiciled in the State of New York.

6. Pursuant to D.C. Code §20-741(18) and Rules 17(a) and 17(b) of the Federal Rules of Civil Procedure, Mr. Meyer and Ms. Basile have the capacity to bring suit in the name of, and on behalf of, the Estate of Richard E. Meyer.

7. Defendant Vineet Kalucha is a citizen of India and a permanent resident alien of the United States, and is and at all relevant times has been, domiciled in the District of Columbia.

8. Defendant Aphelion Management Fund, LLC is a Delaware corporation with its principal place of business in Virginia, of which Defendant Kalucha is the sole owner and member, and does business in the District of Columbia.

### FACTUAL BACKGROUND

### 2007 Demand Promissory Note for $650,000

9. On or about October 4, 2002, for valuable consideration, Mr. Kalucha executed and delivered to Decedent a Promissory Note.

10. Pursuant to the terms of that Note, Mr. Kalucha promised to pay Decedent the principal amount of six hundred fifty thousand dollars ($650,000), together with specified interest at the times set forth therein.

11. On or around September 16, 2007, Mr. Kalucha executed a second Demand Promissory Note (the "2007 Note") to replace the note signed on October 4, 2002.  Decedent countersigned

3

the 2007 Note on November 9, 2007.  Pursuant to the terms of the 2007 Note, Mr. Kalucha

affirmed his promise to pay Decedent the principal amount of $650,000 together with

specified interest at the times set forth therein. The Note acknowledged eleven previous

payments, totaling $650,000, made from the Decedent to Mr. Kalucha from October 2002

through May 2006.

12. The 2007 Note provided that the "note shall be paid as follows. On Demand."

13. The 2007 Note provided that "interest paid will be the blended Applicable Federal Rate

    (currently 2.78%) due and payable on the anniversary date. Such interest will be calculated

    from the date of the actual principal amount was paid to the MAKER."

14. The Decedent passed away on September 13, 2010.

### Payment Schedule for 2007 Demand Promissory Note for $650,000

15. The Decedent's Will appointed his siblings, Thomas Meyer and Carol Basile, to be the co-

    executors of his Estate.

16. Mr. Meyer discovered the 2007 Note among his brother's belongings following his death.

17. On September 22, 2010, Mr. Meyer, as Executor, sent a letter to Mr. Kalucha inquiring about

    Mr. Kalucha's intention to pay the amount due under the 2007 Note.

18. On October 10, 2010, Mr. Kalucha sent a letter to Mr. Meyer in reply, stating that "I certainly

    intend to honor" the 2007 Note; that he, Mr. Kalucha, did not have sufficient assets to pay the

    2007 Note; but that "I hope to be in a position to begin paying down the note sometime

    towards the end of 2011."

19. On March 24, 2011, Mr. Meyer contacted Mr. Kalucha by e-mail to arrange a meeting or

    discussion about payment of the 2007 Note.

20.  On March 29, 2011, Mr. Kalucha sent an e-mail to Mr. Meyer in reply.  Mr. Kalucha's e-mail stated that, "I acknowledge the debt owed to Dick [Decedent Richard E. Meyer] and have no issues with the computation for the first promissory note [the 2007 Note] for the original amount of $650K; . . ."

21. On September 11, 2011, after additional e-mail correspondence and discussion, Mr. Kalucha and Mr. Meyer agreed on a Payment Schedule for the 2007 Demand Promissory Note for $650,000.  That Payment Schedule was executed by Mr. Kalucha (the "Payment Schedule").

22. This Payment Schedule provided that "[t]his payment schedule is intended to facilitate repayment of funds owed under the terms of the [2007 Note] but not replace it."

23. The Payment Schedule provided for interest on the $650,000 principal amount of the 2007 Note based on the blended federal fund rate, requiring Mr. Kalucha to make an initial payment to the Estate of $60,000, due and payable on January 31, 2012.  A second payment of $120,000 plus interest on the principal was to be due on January 31, 2013.

24. The Payment Schedule provided that "[i]f either of the payments due on January 31, 2012 and January 31, 2013 are not made as scheduled or within a 30 day grace period, including interest calculated . . . the entire amount of the Note, at the option of PAYEE, shall become due and payable."

25. The Payment Schedule further provides that "[n]o notice from the PAYEE to the MAKER is required in the event that the Maker fails to make these two payments as scheduled."

26. Mr. Kalucha failed to make the first payment under the 2007 Note and Payment Schedule of $60,000 when such payment was due on January 31, 2012, and Mr. Kalucha has failed to make such first payment, or any payment under the 2007 Note at any time during the period from and including January 31, 2012 through the present date.

## 2011 Demand Promissory Note for $125,000

27. When initially contacted by Mr. Meyer following the Decedent's death, Mr. Kalucha acknowledged that he owed the Estate an additional $125,000.

28. On September 1, 2011,Mr. Kalucha executed a separate Demand Promissory Note in the principal amount of one hundred twenty five thousand dollars ($125,000)  (the "2011 Note").

29. The 2011 Note stated that "[t]his note is in addition to and does not supersede or replace the promissory between the MAKER and PAYEE of September 16, 2007 (MAKER Signature Date) and November 9, 2007 (PAYEE Signature Date) in the amount of $650,000."

30. The 2011 Note provided for interest on the principal amount of that Note ($125,000) based on the blended federal fund rate and required Mr. Kalucha to make an initial payment to the Estate on the 2011 Note of $10,000, due and payable on January 31, 2012.  A second payment of $20,000 plus interest on the principal was to be due on January 31, 2013.

31. The 2011 Note provided that "[i]f either of the payments due on January 31, 2012 and January 31, 2013 are not made as scheduled or within a 30 day grace period, including interest calculated . . . the entire amount of this Promissory Note, at the option of PAYEE, shall become due and payable."

32. The 2011 Note further provides that "[n]o notice from the PAYEE to the MAKER is required in the event that the Maker fails to make these two payments as scheduled."

33. Mr. Kalucha failed to make the payment of $10,000 which was due, under the terms of the 2011 Note, on January 31, 2012. Mr. Kalucha failed to make such payment, or any payment under the 2011 Note, at any time during the period from and including January 31, 2012 through the present date.

## Demands for and Efforts to Collect Payment

34.  On March 1, 2012, Mr. Meyer sent Mr. Kalucha an e-mail demanding payment in full of the principal amounts of both the 2007 Note and the 2011 Note, with accrued interest, in the combined principal amount of $923,922 plus accrued interest as of that time.

35. On or about August 24, 2012, Mr. Kalucha telephoned Mr. Meyer and provided him with what Mr. Kalucha represented was a Federal Reserve tracking number for a wire transfer of funds Mr. Kalucha said he had caused to be made from his account at Wells Fargo Bank to the Estate's bank account at First Republic Bank.   That number was 20120817C1Q9031C005164.

36. That tracking number was false and fictitious.  No wire transfer was ever made by Mr. Kalucha to the Estate's bank account on August 24, 2012 and no such wire transfer was made to the Estate's bank account on or about August 24, 2012.

37. In mid-September, 2012, Mr. Kalucha telephoned Mr. Meyer stating that he, Mr. Kalucha, was sending a cashier's check to Mr. Meyer for the payments past due on the 2007 Note and the 2011 Note. No such cashier's check was ever sent by Mr. Kalucha to Mr. Meyer, for any amount due under either Note, at any time.

38. Subsequent efforts to communicate with Mr. Kalucha were unsuccessful.

### *Thomas Meyer et al. v. Kalucha*

39. In November 2012, Mr. Meyer and Ms. Basile, in their capacity as Co-Executors of the Estate, filed suit in this Court in a case styled *Thomas Meyer et al v. Kalucha*, Case No. 1:12-cv-01914-RLW (D.D.C., filed November 27, 2012).

7

40. The Complaint alleged four counts: Count I – Default on the 2007 Note and Payment Schedule; Count II – Breach of Contract for the 2007 Note and Payment Schedule; Count III—Default on the 2011 Note; and Count IV – Breach of Contract of the 2011 Note.

41. Defendant was served with the suit on November 29, 2012.

## Settlement Agreement and Assignment

42. On January 17, 2013, the Estate, through Mr. Meyer and Ms. Basile, and Defendant Kalucha entered into a Settlement Agreement and Assignment (a true and correct copy of which is attached hereto as Exhibit 1) to resolve any and all issues and disputes based on or arising out of the 2007 Note, as amended by the Payment Schedule and the 2011 Note.

43. By the Agreement, Mr. Kalucha acknowledged that his debt to the Estate under the 2007 Note, as amended by the amended by the Payment Schedule, and the 2011 Note was $919,914 (the "Principal Debt").

44. Mr. Kalucha agreed to pay the Estate the Principal Debt, plus interest on the outstanding unpaid balance of the Principal Debt at an annual interest rate equal to the BBA LIBOR Daily Floating Rate plus 1.5 percentage points, until the Principal Debt was paid in full.

45. Mr. Kalucha agreed to a payment schedule, with the first payment of $10,000 due on or before May 31, 2013, with subsequent escalating payments due periodically until the debt was paid.

46. Mr. Kalucha also agreed to pay the Estate twenty five percent (25%) of the payments and distributions he receives annually from Aphelion Fund Management, LLC, an investment fund of which Mr. Kalucha is the sole owner and member.

47. By the Agreement, Mr. Kalucha transferred and assigned to the Estate twenty five percent (25%) of his rights to receive payments and distributions annually from the Fund, provided

that the Estate not receive more than $125,000 in such payments and distributions between the effective date of the agreement (January 17, 2014) and February 28, 2014.

48. The Settlement Agreement specified that each payment made to the Estate by the Fund would be credited against the then-outstanding amount of unpaid Principal Debt.

49. The Fund (through Mr. Kalucha) consented to the assignment, which was absolute and was not the grant of a security interest and terminated when the Principal Debt was paid in full.

50. In consideration of the covenants made in the Agreement, the Estate released Mr. Kalucha from any and all claims, causes of action, damages, attorneys' fees which the Estate had against Mr. Kalucha arising from or relating to the 2007 Note, the Payment Schedule and/or the 2011 Note.

51. By the terms of the Settlement Agreement, the suit *Thomas Meyer et al v. Kalucha*, Case No. 1:12-cv-01914-RLW (D.D.C., filed November 27, 2012) was voluntarily dismissed without prejudice by Mr. Meyer and Ms. Basile pursuant to Fed. R. Civ. P 41(a)(1)(A)(i) on January 18, 2013.

## Payments Made Under Settlement Agreement

52. After an initial delay, the first payment of $10,000 (due May 31, 2013) was made by check by Mr. Kalucha on or around June 7, 2013.

53. On June 20, 2013, Mr. Kalucha notified Mr. Meyer that due to a bank error, there were insufficient funds in the account from which the check was written.  Mr. Kalucha indicated that he would make a wire transfer to the Estate's bank account instead.

54. On June 20, 2013, a wire transfer for the first payment of $10,000 was sent by Aphelion Fund Management to the Estate's bank account.

55. On August 22, 2013, Mr. Kalucha acknowledged the upcoming payment of $15,000 due August 31, 2013 and represented that he would send the payment on August 28, 2013.

56. After another delay, the second $15,000 payment was made by Mr. Kalucha by wire transfer to the Estate's bank account on or around September 3, 2013.

57. On November 25, 2013, Mr. Kalucha advised that there would be a delay with the third $25,000 payment due November 30, 2013.  Mr. Kalucha advised that his life partner was having serious medical issues and requested a 30 day extension of time to pay the third payment.

58. Mr. Meyer and Ms. Basile agreed to the 30 day extension, to December 31, 2013.

59. As of January 2, 2014, the third payment for $25,000 had not been made.

60. When contacted, Mr. Kalucha indicated that he would make the payment between January 15 and January 20, 2014 and that he would wire the funds to the Estate's bank account.

61. On January 17, 2014 Mr. Kalucha indicated that he would make the payment between January 20 and January 21, 2014.

62. As of February 5, 2014 no payment had been made by Mr. Kalucha.

63. When contacted on that same date, Mr. Kalucha indicated that he would be unable to make the extended November 30, 2013 payment for $25,000.

64. On February 7, 2014 the parties agreed that Mr. Kalucha would skip the November 30 payment and would resume payment with the payment due on February 28, 2014, and that $5,000 would be added to that and each subsequent payment until the missed $25,000 November 30 payment was paid in full.

65. On March 11, 2014, Mr. Kalucha wired $25,000 into the Estate's bank account.

66. Later that week, on March 14, 2014, Mr. Kalucha wired an additional $5,000 into the Estate's bank account.

67. On May 27, 2014, Mr. Kalucha advised that there would be a delay in making the May 30, 2014 payment of $80,000 ($75,000 due under the terms of the Agreement plus an additional $5,000 from the missed November 30, 2013 payment) because of the death of his life partner. Mr. Kalucha advised that he had traveled to India and that he expected to make the May 20 payment on or around June 15, 2014.

68. On or around June 16, 2014, Mr. Kalucha advised that he would not be able to make the $80,000 payment as agreed, but that he would make a partial payment of $50,000 by check to Estate the following week.

69. On or around June 23, 2014, Mr. Meyer received an unnumbered check for $75,000 drawn on an account with State Farm Bank in Bloomington, Indiana.  On July 11, 2014, the check cleared and the funds were deposited into the Estate account. At the time, Mr. Kalucha was advised that he was expected to add an additional $10,000 on to the next payment of $75,000 due August 31, 2014 under the terms of the Agreement for the missed portions of the November 30, 2013 payment.

70. On or about July 22, 2014, counsel for the Estate became aware of a lawsuit filed against Mr. Kalucha and Aphelion Fund Management by the Enforcement Division of the U.S. Securities and Exchange Commission.  *Securities and Exchange Commission v. Kalucha, et al*., Case No. 14-CV-3247 (S.D.N.Y., filed May 5, 2014).

71. Based on the advice of counsel for the SEC, counsel to the Estate advised Mr. Meyer and Ms. Basile, Executors of the Estate, to escrow or freeze the $75,000 payment pending the

resolution of the SEC enforcement action. These funds are accordingly not available to the Estate.

72. In total, excluding the $75,000 payment referred to in paragraphs 69 through 71, Mr. Kalucha has made $55,000 in payments under the Agreement.  He currently owes $864,941, excluding interest,  under the Agreement.

73. Mr. Kalucha did not make the August 31, 2014 payment as required by the Agreement.

74. Mr. Kalucha did not make the November 30, 2014 payment as required by the Agreement.

75. The Agreement gives the Estate the right to bring suit against Mr. Kalucha for the entire amount of the Principal Debt plus interest, without any further demand or notice to Mr. Kalucha, upon Mr. Kalucha's failure to make any payment under the Agreement.

76. Nothing in the Agreement precludes the Estate from initiating a claim to enforce the Agreement.

## COUNT I—BREACH OF CONTRACT

77. Paragraphs 1 through 76 are incorporated as if set forth fully herein.

78. The Settlement Agreement and Assignment is a valid and enforceable instrument against Mr. Kalucha, a signatory.

79. Mr. Kalucha has a duty under the Settlement Agreement to make payments on the debt under certain terms and on an agreed-upon schedule.

80. Mr. Kalucha has breached that duty and has defaulted by failing to make the August 31, 2014 payment and November 30, 2014 payment as required by the Settlement Agreement.

81. By the terms of the Settlement Agreement, upon default, the Estate has the right, without further demand or notice to Mr. Kalucha, to bring suit for the entire amount of the Principal Debt outstanding, plus any accrued interest.

82. Mr. Kalucha currently owes $864,941 plus accrued prejudgment interest, under the terms of the Agreement.

83. Under the laws of New York and the District of Columbia, and the express terms of the Decedent's will, the Estate succeeded to all claims of the Decedent against Mr. Kalucha and the Plaintiff Co-Executors have the legal right to enforce all such claims against Mr. Kalucha for the benefit of the Estate.

84. Wherefore, the Plaintiffs demand judgment against Mr. Kalucha, for the use and benefit of the Estate, for the sum of 864,941 plus accrued prejudgment interest.

85. Under the terms of the Agreement, Plaintiffs are entitled to recover attorneys' fees and other costs of collection.

## **COUNT II – BREACH OF CONTRACT (FAILURE TO ASSIGN)**

86. Paragraphs 1 through 76 are incorporated as if set forth fully herein.

87. The Settlement Agreement and Assignment is a valid and enforceable instrument against Mr. Kalucha and Aphelion Fund Management, LLC.

88. As the sole owner and member of the Fund, the Fund is Mr. Kalucha's alter ego, and he liable for the acts and omissions of the Fund.

89. Through Mr. Kalucha, the Fund consented to the assignment of payments and distributions to the Estate.

90. The Fund and Mr. Kalucha have defaulted on the Agreement by failing to assign the Estate any payments or distributions received by Mr. Kalucha from the Fund.

91. Under the laws of New York and the District of Columbia, and the express terms of the Decedent's will, the Estate succeeded to all claims of the Decedent against Mr. Kalucha and the Fund and the Plaintiff Co-Executors have the legal right to enforce all such claims against Mr. Kalucha and the Fund for the benefit of the Estate.

92. Wherefore, Plaintiffs demand judgment against Mr. Kalucha and the Fund, for the assignment of all payments and distributions actually received by Mr. Kalucha from the Fund from the effective date of the Agreement (January 17, 2013) until the present.

93. Under the terms of the Agreement, Plaintiffs are entitled to recover attorneys' fees and other costs of collection.

### **RELIEF REQUESTED**

WHEREFORE, the Plaintiffs pray for the following relief:

A. That Plaintiffs, for the use and benefit of the Estate, be awarded the amount of $864,941 plus prejudgment interest in actual damages for the breach of the January 17, 2013 Settlement Agreement and Assignment by Defendant Vineet Kalucha.

B. That Plaintiffs, for the use and benefit of the Estate, be awarded the amount of payments and distributions that Defendant Kalucha has received from Defendant Aphelion Fund Management, LLC since January 17, 2013;

C. That Plaintiffs, for the use and benefit of the Estate, be awarded the costs and expenses of this action, including attorneys' fees; and

D. For such other and further relief as this Court deems just and proper.

January 6, 2014                    Respectfully submitted,


  /s/ Joseph E. Sandler
_____

Joseph E. Sandler, D.C. Bar No. 255919


  /s/ Amanda S. La Forge
_____

Amanda S. La Forge, D.C. Bar No. 491909
SANDLER, REIFF, YOUNG& LAMB, P.C.
1025 Vermont Ave, NW  Suite 300
Washington, DC 20005
Tel: 202.479.1111
Fax: 202.479.1115
sandler@sandlerreiff.com
laforge@sandlerreiff.com


*Counsel for Plaintiffs*